1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONNIE L. JENKINS,

        Plaintiff,

    v.

INTERNATIONAL LONGSHORE &
WAREHOUSE UNION, *et al.*,

        Defendants.

Case No.  C11-0779RSL

ORDER TO SHOW CAUSE

    This matter comes before the Court *sua sponte*.  Plaintiff Ronnie Jenkins, who is proceeding *pro se* and *in forma pauperis*, has filed a complaint against the International Longshore & Warehouse Union, its local chapter, Pacific Maritime Association ("PMA"), and the Equal Employment Opportunity Commission ("EEOC").  In his complaint, plaintiff asserts a claim under 42 U.S.C. § 1981 alleging that the union defendants and PMA, his employer, violated his civil rights by discriminating against him based on his race.

    With the exception of naming the EEOC as a defendant, plaintiff's complaint essentially duplicates the allegations he made in three other suits filed in this district.  In the most recent suit, Jenkins v. Pacific Coast Longshore Clerks, Case No. C10-91RAJ, the Honorable Richard A. Jones, United States District Judge granted defendants' motion for summary judgment, finding that plaintiff's Section 1981 claim was barred by the doctrine of *res judicata*.  (Dkt. #28,

ORDER TO SHOW CAUSE- 1

June 30, 2010).  Plaintiff did not appeal that ruling, but instead filed this lawsuit nearly a year later.  Just as Judge Jones previously found, plaintiff's Section 1981 claim in this "new" lawsuit is barred by the doctrine of *res judicata* and should be dismissed.

Although plaintiff has sued a new party in this lawsuit, the EEOC, he has not asserted any claim against that defendant.  Rather, it appears that he is awaiting "answers" from that agency.  Complaint at p. 4.  Because plaintiff has not asserted any claims against the EEOC, this lawsuit should also be dismissed against that defendant.

Accordingly, plaintiff is ordered to SHOW CAUSE, by June 30, 2011, why his complaint should not be dismissed for the reasons set forth in this order.  If he fails to do so, the Court will dismiss this case.  The Clerk of the Court is directed to place this order to show cause on the Court's calendar for July 1, 2011.


DATED this 27th day of May, 2011.



Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE- 2